**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH VACANTI,** :<br>　　**Plaintiff,** :<br>　　v. :<br>**APOTHAKER & ASSOCIATES, P.C.,** :<br>　　**Defendant.** : | **CIVIL ACTION**<br><br>**NO. 09-5827** |

**MEMORANDUM OPINION**

**Tucker, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**November ____, 2010**

　　Presently before this Court is Defendant's Motion for Judgment on the Pleadings (Doc. 18), Plaintiff's Response in Opposition thereto (Doc. 20), and Defendant's Reply (Doc. 23). For the reasons set forth below, the Court will grant Defendant's Motion.

**BACKGROUND**

　　Plaintiff, a Pennsylvania resident, initiated this action against Defendant Apothaker & Associates, P.C., a New Jersey law firm, for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. From the evidence of record, taken in a light most favorable to Plaintiff, the relevant facts are as follows.

**A. LVNV's November 13, 2007 Complaint against Plaintiff**

　　At all pertinent times, Plaintiff alleges that Defendant acted on behalf of LVNV Funding LLC ("LVNV"), a New Jersey corporation engaged in debt collection, as LVNV's attorney. On November 13, 2007, LVNV, through Defendant, filed a complaint against Plaintiff seeking to collect a consumer debt in the amount of $4,585.07 that Plaintiff allegedly owed to Sears, a third-party. Ultimately, the November 13, 2007 complaint was dismissed.

**B.  LVNV's Reinstated Complaint against Plaintiff**

On or about June 11, 2009, LVNV reinstated the November 13, 2007 complaint against Plaintiff in Philadelphia Municipal Court.  Plaintiff claims the reinstated complaint was time barred.  Plaintiff further alleges that he was never properly served and was not notified of the related hearing scheduled for August 5, 2009.  As a result, Plaintiff did not attend the hearing.  Plaintiff avers that during the hearing, Defendant falsely represented that service had been made and because of Plaintiff's absence, LVNV managed to secure a default judgment against Plaintiff.  On August 25, 2009, LVNV, through Defendant, allegedly served Plaintiff with Interrogatories requesting personal financial information including, inter alia, Plaintiff's social security number, bank account location, social security benefits, and other sources of income.  Plaintiff filed a petition to reopen the case, which the lower court granted.  On October 20, 2009, the lower court vacated the default judgment against Plaintiff.  Immediately thereafter, the lower court held a hearing on the merits.  Plaintiff alleges that Defendant failed to present any documentary evidence, witnesses, or any substantive arguments.  At the conclusion of the hearing, the lower court entered judgment in favor of Plaintiff.

**C. Plaintiff's Complaint against LVNV in Federal Court**

On November 6, 2009, Plaintiff filed a Complaint in the Eastern District of Pennsylvania (Civil Action No. 09-5111) ("LVNV Complaint") against LVNV containing one count for Violation of the FDCPA for, inter alia, failing to properly notify Plaintiff of the alleged debt; using false, deceptive and misleading representations in the attempt to collect on the debt; and using unfair or unconscionable means to collect the debt.  Plaintiff claimed that he suffered personal humiliation, embarrassment, mental anguish, and emotional distress as a result of LVNV's conduct.  In his prayer for relief, Plaintiff sought compensatory damages, statutory damages, and attorneys's fees and costs.

On December 17, 2009, Plaintiff filed a Notice of Voluntary Dismissal (Civil Action No. 09-5111, Doc. 3) which stated: "NOTICE IS HEREBY GIVEN that the above-captioned case has been DISMISSED with prejudice." The case was closed on the same day.

### D. Plaintiff's Complaint against Defendant Apothaker in Federal Court

On December 8, 2009, Plaintiff filed a Complaint (Doc. 1) in federal court ("Apothaker Complaint") against Defendant Apothaker & Associates, P.C. The Apothaker Complaint contains essentially the same factual allegations as the LVNV Complaint and also contains one count for Violation of the FDCPA.[1]

On January 18, 2010, Defendant filed an Answer (Doc. 3) generally denying the allegations set forth in Plaintiff's Complaint. Defendant asserts that it did not falsely represent to the Court that service had been made. Rather, Defendant claims it represented that it mailed notice of the new hearing to Plaintiff by certified and regular mail on June 15, 2009, and that the certified mail came back unclaimed while the regular mail was not returned to Defendant. Defendant also admits to serving Plaintiff with "interrogatories" dated August 25, 2009. In addition, Defendant asserts five affirmative defenses including: (1) If Defendant violated the FDCPA, the violation was not intentional and resulted from a bona fide error; (2) Plaintiff is precluded from recovering statutory damages in the absence of any showing Defendant violated the FDCPA; (3) Plaintiff has failed to

---

[1] It appears as though in preparing the Apothaker Complaint, Plaintiff merely used the LVNV Complaint and copy and pasted "Apothaker & Associates" in most instances where the word "LVNV" appeared. Unfortunately, this method created several typographical errors. For example, the first paragraph of the Apothaker Complaint provides: "NOW COMES the Plaintiff . . . and for his Complaint against the Defendant *LVNV FUNDING, LLC* . . ." (Apothaker Compl. 1) (emphasis added). Additionally, paragraph 12 of the Apothaker Complaint states: "Attorney David Apothaker, Esquire, by and through his firm and acting on behalf of Defendant, LVNV Funding, LLC, served Plaintiff with Interrogatories . . ." (Apothaker Compl. ¶ 12.)

state a claim; (4) Plaintiff suffered no actual damages; and (5) Plaintiff failed to allege he suffered actual damages as a result of Defendant's alleged conduct.

An Arbitration Hearing on the matter was scheduled for May 19, 2010; however, on May 7, 2010, the parties stipulated to a stay of the arbitration proceedings (Doc. 16) pending the resolution of the res judicata issue which is the subject of the present motion. On May 13, 2010, Defendant filed a Motion for Judgment on the Pleadings (Doc. 18). On May 21, 2010, Plaintiff filed a Response in Opposition thereto (Doc. 20). On June 2, 2010, Defendant filed a Reply (Doc. 22). The Court now addresses this pending motion.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, as long as the party does so "within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard of review applicable to a motion to dismiss under Rule 12(b)(6). See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." Sprague v. Neil, 2007 WL 3085604 at *2 (M.D. Pa. Oct. 19, 2007) (citing 2 Moore's Fed. Practice Civil § 12.38 (2004)). Like a motion to dismiss, in considering a motion for judgment on the pleadings, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2005). A motion for judgment on the pleadings should be granted only if it appears to a certainty that no relief could be granted under any set of facts that could be proved. See id.

In weighing the facts presented, the allegations in the complaint must transcend the speculative, and instead, state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Though detailed factual allegations are not required, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

## DISCUSSION

In its Motion, Defendant argues that it is entitled to judgment on the pleadings based on the res judicata doctrine. Specifically, Defendant argues that Plaintiff is precluded from proceeding with the instant lawsuit because the nearly identical LVNV action was dismissed with prejudice. For the reasons discussed below, the Court agrees with Defendant's argument and finds that this action fails as a matter of law on the basis of this well established doctrine.

### A. Parties' Arguments

Defendant argues that this action is barred by the doctrine of res judicata. To support this contention, Defendant notes that (1) that there was a final judgment on the merits in the LVNV case as evidenced by the December 17, 2009 dismissal with prejudice; (2) that Plaintiff was a party to both suits; (3) that Defendant and LVNV were privies as all of the allegations against LVNV concerned conduct of Defendant, its attorney; and (4) that the same cause of action is raised in both suits and the complaints are nearly identical.

Plaintiff counters that res judicata does not apply. First, Plaintiff claims that this Complaint and the LVNV complaint are different. Second, Plaintiff argues that res judicata does not bar

Plaintiff from pursuing his claim against Defendant because Defendant was not a named defendant in the LVNV action. Plaintiff also argues that Defendant and LVNV are not privies of each other because Defendant and its associates were acting as attorneys for LVNV at all relevant times and thus had no personal outcome in the matter being litigated. Plaintiff further argues that Defendant's actions were separate and distinct from the actions of LVNV in that, unlike LVNV, Defendant continued to pursue the case knowing that there was no evidence to support its contentions.

### B. Analysis

Pursuant to the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991). Res judicata applies to both claims that were actually brought in addition to claims which *could have been* brought in the prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (emphasis added). The purpose of res judicata doctrine is to avoid "relitigation of the same claims, expense to litigants and inconsistent results." Avins v. Moll, 610 F. Supp. 308, 316 (D.C. Pa. 1984). See also Brown v. Felsen, 442 U.S. 127, 131(1979): Jett v. Beech Interplex, Inc., No. 02-9131, 2004 WL 1595734, at * 2 (E.D. Pa. July 15, 2004) ("The purposes underlying the doctrine are to conserve judicial resources, establish certainty and respect for court judgments, and to protect the party that relies on prior adjudication from vexatious litigation.").

The three prong test for the application of res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990). Importantly, "res judicata will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been

resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'" Jett, 2004 WL 1595734, at * 2.

### I. Final Judgment on the Merits

First, indisputably, the first requirement - that there be a final judgment on the merits in a prior suit - has been met. "A dismissal of an action with prejudice is 'a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties.'" Dorfsman v. Law Sch. Admission Council, Inc., No. 00-0306, 2001 WL 1754726, at *1 (E.D. Pa. Nov. 28, 2001) (quoting Selas Corp. of Am. v. Wilshire Oil Co., 57 F.R.D. 3, 8 (E.D. Pa.1974)). See also Hirschensohn v. West, No. 772-1990, 1993 WL 813514, at * 2 (D. V.I. Nov. 29, 1993) (explaining that a voluntary "dismissal with prejudice usually operates as a final adjudication on the merits.").

Here, Plaintiff filed a Notice of Voluntary Dismissal in the LVNV case on December 17, 2009 indicating that the case was being dismissed with prejudice. According to the law of this district, the voluntary dismissal with prejudice operates as a final judgment on the merits.

### ii.  Identity of the Parties

The Court also finds that LVNV and Defendant had a close and significant relationship at all relevant times sufficient to establish privity and bar re-litigation of Plaintiff's current action. "[W]here the same plaintiff sues in multiple suits on identical causes of action, defendants in the later suits who were not named as defendants in the earlier suits are entitled to the benefit of res judicata so long as there is a close or particular relationship with the defendants in the earlier suit." Avins, 610 F. Supp. at 316. Courts in this district have routinely found that attorneys and their clients share the close relationship required to establish privity. See Iseley v. Talaber, No. 05-444, 2008 WL 906508, at * 3 n.1 (E.D. Pa. Mar. 31, 2008) (finding that defendant in the present action,

though not named in the prior action, was in privity with the defendant in the prior action because "he served as counsel in the action and . . . shared the same legal interests in the outcome of that case."). See also Waris v. Mackey, No. 09-1103, 2009 WL 4884204, at *8 (E.D. Pa. Dec. 15, 2009) ("With businesses, their employees and attorneys are in privity with the business."); Jett, 2004 WL 1595734, at *14 (holding that attorney acted as an "agent" for client based upon the representation in prior lawsuit and therefore was in privity with the client for res judicata purposes); but see Ammon v. McKloskey, 655 A.2d 549, 554 (Pa. Super. 1995) (holding that attorney and client are not in privity for the purposes of the related doctrine of collateral estoppel because "the lawyer was a professional representative who owed complete allegiance to the client, but who had no personal interest in the rights being litigated").

Here, in both the LVNV and Apothaker complaints, Plaintiff alleges that Defendant acted on behalf of LVNV as the company's attorney. In fact, all of the allegations against Defendant stem from Defendant's conduct related to its representation of LVNV in attempting to collect the outstanding debt Plaintiff owed to Sears. Persuasive authority in this Circuit establishes that LVNV and Defendant are privies of each other as a result of their attorney-client relationship . Because the suit against LVNV was dismissed with prejudice, res judicata dictates that Plaintiff may not now bring an identical suit against LVNV's attorney, a party in privity with LVNV.

### iii. Identical Causes of Action

Finally, after an examination of the causes of action in the LVNV and Apothaker complaints, it is plainly evident that the causes of action are identical. To determine if the suits are based on the same cause of action, courts look not toward the legal theories invoked, but rather, toward the "essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy v.

Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (quoting Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982)). Specifically, courts look at whether the acts complained of are the same, whether the material facts alleged are the same, and whether witnesses and documentation necessary to prove the allegations are the same. Id. This Third Circuit transactional approach reflects the "'present trend . . . of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" Lubrizol, 929 F.2d at 963 (internal citations omitted).

For example, in Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972), the plaintiff brought suit against a defendant and dismissed his case with prejudice. Id. at 839. The plaintiff subsequently filed a new suit making "certain irrelevant changes of a de minimis nature" and adding new three new defendants to the complaint. Id. Because, however, the court found "the operative facts of the two suits [to be] identical," the court applied res judicata and barred the second complaint. Id.

Here, similar to Gambocz, the Court finds that the complaints in both Plaintiff's current action and the LVNV action stem from identical operative facts. Both complaints allege the same violations of the FDCPA arising from the same attempt to collect on the debt assigned from Sears to LVNV. In the LVNV suit, Plaintiff alleged, inter alia, that Defendant, acting as an agent of LVNV, reinstated the September 2007 complaint, made misrepresentations to the court, and violated the FDCPA in its attempt to collect the Sears debt. In the present suit, Plaintiff makes the exact same factual allegations concerning the conduct of Defendant, but instead of seeking to recover from LVNV, seeks to recover from Defendant. Both the LVNV and Apothaker complaints also allege the same damages and contain the same prayer for relief. Because the acts complained of and demand for recovery in both complaints are the same, the witnesses and documents necessary to prove the

allegations in both complaints would also be the same. As such, the Court finds that the two cases share the same cause of action, and thus, are barred by the doctrine of res judicata.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's current action is barred by the doctrine of res judicata. Defendant's Motion for Judgment on the Pleading is therefore granted. An appropriate Order follows.